UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LUIS RAY JARAMILLO, JR.,                §
TDCJ No. 01966673,                      §
                                        §
            Petitioner,                 §
                                        §
v.                                      §        CIVIL NO. SA-18-CA-00579-XR
                                        §
LORIE DAVIS, Director,                  §
Texas Department of Criminal Justice,   §
Correctional Institutions Division,     §
                                        §
            Respondent.                 §

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Luis Jaramillo's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus (ECF No. 7), Respondent's Answer (ECF No. 14), and Petitioner's Reply (ECF No. 16). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

On August 13, 2012, pursuant to a plea agreement, Petitioner pleaded nolo contendere to a charge of violation of sex offender registration requirements in the 290th Judicial Court of Bexar County, Texas. (ECF No. 15-25 at 5).[1] Petitioner was required to register as a sex offender because

---

[1] The Failure to Comply Report states:
After receiving reports that the offender was not residing at his registered residence, I contacted the offender via phone who admitted such. He also agreed to report his change of address from 4402 Walnut Woods to 6607 Spring Garden. When the offender failed to report the change of his address, I met with his aunt, who resides 4402 Walnut Woods, and

in 2001 he pleaded guilty to aggravated sexual assault of a child and was sentenced to a term of five years' imprisonment. (ECF No. 15-22 at 83; ECF No. 15-51 at 2, 5).[2] In return for Petitioner's nolo contendere plea, the State agreed to dismiss charges of theft of services, criminal trespass, injury to a child, and injury to the elderly. (ECF No. 15-22 at 81).

In accordance with the plea agreement, on September 25, 2012, at the conclusion of a hearing, Petitioner was sentenced to a term of 10 years' imprisonment for violating sex offender registration requirements; the term of imprisonment was probated for seven years dating from September 25, 2012. (ECF No. 15-6; ECF No. 15-51 at 8). The terms of probation included sex offender treatment and registration as a sex offender. (ECF No. 15-22 at 106-07, 125-28). At the sentencing hearing, with regard to the terms of probation, Petitioner's counsel stated: "I would ask the Court that based on my dealings with Mr. Jaramillo that he probably needs some counseling in the anger department to help him put some things in life a little bit better perspective than perhaps he is able to do right now." (ECF No. 15-6 at 7). The trial court stated:

> . . . I'm going to assess punishment at 10 years, as you bargained for, with a $1,500 fine, however I'm going to suspend the imposition of the sentence. And let's do this. Let's put you on seven years of probation. . . . So you are going to have to comply with sex offender registration requirements. You're to have no contact with [N.M.] as part of the agreement that you've made." (ECF No. 15-6 at 9). The court further stated: "I am going to [] require you to go to anger management and you are to be supervised by the sex offender unit. When we do anger management, . . . I want him to do something significant."

---

obtained a written and audio/video statement in which she reports that the offender had not resided with her in months. Because of the offender's failure to comply, I applied for an arrest warrant on which the offender was booked.
(ECF No. 15-22 at 87).

[2] The victim was a 13-year-old female, "A.N.," who was not related to Petitioner. (ECF No. 15-51 at 2). At the time of the offense Petitioner was just shy of his 21st birthday. (ECF No. 15-51 at 2, 5). Petitioner first registered as a sex offender on July 11, 2005, upon his release from prison on June 30, 2005. (ECF No. 15-51 at 2).

(ECF No. 15-6 at 11-12). Petitioner was ordered not to have "harmful or injurious contact" with his daughter. (ECF No. 15-6 at 10-11, ECF No. 15-22 at 106). The court warned Petitioner "I'm very serious that this is a zero tolerance probation." (ECF No. 15-6 at 12).

Petitioner appealed and was appointed counsel. *Jaramillo v. State*, No. 04–12–00650–CR, 2013 WL 1320517, at *1 (Tex. App.—San Antonio 2013, no pet.). Counsel filed an *Anders* brief and informed Petitioner he had a right to review the record and file a pro se brief. *Id.* Petitioner did not file a pro se brief in his appeal. *Id.* The appellate court concluded the appeal was frivolous and without merit and affirmed the judgment of the trial court on April 3, 2013. *Id.* Petitioner did not seek discretionary review.

A Violation Report dated April 2, 2014, alleged Petitioner failed to report to ordered sex offender treatment, had personal contact with his daughter, and violated his "Zero Tolerance Probation." (ECF No. 15-22 at 129). His Community Supervision Officer alleged:

> Defendant Jaramillo failed to report for his first group session at Professional Associates for Counseling and Evaluation (PACE) - his designated Sex Offender Treatment Provider - on 3/31/2014, as directed by his counselor []. When this officer inquired into his absence, defendant Jaramillo replied that he didn't go to treatment because he was with his (14-yo) daughter. When this officer informed defendant he was in violation of his Child Safety Zones, he expressed no contrition, but instead asked when this officer was going to give him an opportunity to speak to the judge about his conditions.

> Defendant Jaramillo has only been on probation a couple of weeks but has already made an indelible impression on everyone with whom he comes in contact. He refuses to take responsibility for his actions and continues to assert, even to Treatment, that he's the victim in this case and is "under duress".

(ECF No. 15-22 at 129). In April of 2014, the conditions of Petitioner's probation were amended to include a term of 22 days in jail. (ECF No. 15-22 at 129, 131-33).

A Violation Report prepared May 9, 2014, alleged Petitioner violated his probation by driving a vehicle without a valid license "on a regular basis," possessing a sexually-oriented device, and possessing an unmonitored computer which he had previously been told to remove from his residence, all in violation of his "Zero Tolerance Probation." (ECF No. 15-22 at 149-50). In August of 2014, Petitioner was adjudicated as incompetent to stand trial and was ordered committed to the Department of Healthcare Services for examination and treatment. (ECF No. 15-22 at 155).

On October 9, 2014, Petitioner was adjudicated as mentally competent to stand trial on the alleged probation violations. (ECF No. 15-22 at 159). He was released on bond pending a hearing on the probation violations and the court ordered he be supervised by Bexar County Pretrial Services. (ECF No. 15-22 at 157). On November 7, 2014, the State filed an Amended Motion to Revoke Community Supervision, asserting: Petitioner "repeatedly used profanity and disrespectful language" when communicating to his Supervision Officer, "in violation of Condition No. 5;" that Petitioner operated a motor vehicle without a valid driver's license, "in violation of Condition No. 13;" that Petitioner possessed a "sexually oriented device . . . in violation of Condition No. 25G;" and that Petitioner "was found in possession of an unmonitored computer, in violation of Condition No. 25 I (A)." (ECF No. 15-22 at 160-61). The Amended Motion to Revoke also alleged Petitioner failed to report in person to his Supervision Officer on three occasions, in violation of Condition No. 5, and that he failed to provide proof of residence or a change of address within 48 hours of his release from the San Antonio State Hospital, in violation of Condition No. 9. (ECF No. 15-22).

Petitioner pleaded true to the allegations that he violated the conditions of his probation. (ECF No. 15-51 at 10). His probation was revoked and he was sentenced to a term of ten years' incarceration on November 13, 2014. (ECF No. 15-51 at 10). Petitioner appealed and was appointed counsel, who filed an *Anders* brief and further informed Petitioner of his right to review the record and file his own brief. *Jaramillo v. State*, No. 04-14-00902-CR, 2015 WL 5247045, at *1 (Tex. App.—San Antonio 2015, pet. ref'd). Petitioner obtained a copy of the record and filed a *pro se* brief on appeal. *Id.* He asserted the 2012 sentencing court had not ordered sex offender supervision and Zero Tolerance Probation and, accordingly, he could not be found guilty of violating those terms of probation. (ECF No. 15-15 at 6). He further alleged he should not be treated as a "high risk" sex offender, and asserted the 2014 sentencing judge had "amended the plea-bargain and conditions-of-probation . . . out of spite for having appealed the case once . . ." (ECF No. 15-15 at 6, 8). Petitioner further alleged that, after posting bond with regard to the Motion to Revoke, he was not informed that he needed to report to a probation supervisor. (ECF No. 15-15 at 10). The appeal was deemed frivolous and the appellate court affirmed the judgment and sentence. *Id.* The Texas Court of Criminal Appeals denied discretionary review. *Id.*

Petitioner sought a state writ of habeas corpus. In his state habeas action Petitioner alleged he was denied the effective assistance of trial and appellate counsel and that the trial court violated his right to due process of law. (ECF No. 15-49 at 10-20). Petitioner's trial and appellate counsel filed affidavits in the state habeas action. (ECF No. 15-51 at 24-28, 45-46). The habeas trial court, which was the convicting court, made findings of fact and recommended the writ be denied. (ECF No. 15-49 at 1; ECF No. 15-51 at 53-66). The Texas Court of Criminal Appeals denied the writ without written order on the findings of the trial court. (ECF No. 15-45 (Writ No. 56,888)).

In his federal habeas petition, Petitioner asserts:

1. His trial counsel failed to continue to assert his incompetence and failed to object to the State's amended motion to revoke his probation.

2. His appellate counsel failed to file a "second perfected appeal, failed to assert meritorious claims on appeal and submitted inadequate briefs on appeal.

3. The trial court violated his due process rights by changing the terms of his plea agreement and conditions of probation, imposing conditions of probation that were not reasonably related to his conviction, and failing to give him adequate notice that he had to report to his probation supervisor weekly pending his revocation hearing.

Respondent asserts any claims regarding Petitioner's sentence and the terms of his probation, imposed in 2012, are time-barred. Respondent also contends Petitioner's claims of ineffective assistance of counsel are without merit.

## II. Standard of Review

### A. Review of State Court Adjudications

Petitioner's habeas petition is governed by the heightened standard of review provided by the AEDPA, codified at 28 U.S.C. § 2254. Under section 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of

6

imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion. *Richter*, 562 U.S. at 102. Instead, a petitioner must show the state court's decision was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). As long as "fairminded jurists could disagree" on the correctness of the state court's decision, the state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101.

**B. Review of Ineffective Assistance of Counsel Claims**

Sixth Amendment claims alleging ineffective assistance of counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a violation of the Sixth Amendment right to counsel a petitioner must demonstrate counsel's performance was deficient and the deficiency prejudiced his defense. *Id.* at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and to establish deficient performance a petitioner must show counsel's

performance fell beyond the bounds of prevailing professional standards. *Strickland*, 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003) (internal quotations omitted). Accordingly, there is a strong presumption that an alleged deficiency "'falls within the wide range of reasonable professional assistance.'" *Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. Because this showing of prejudice must be "rather appreciable," a mere allegation of prejudice or the possibility of a different outcome is not sufficient to satisfy the prejudice prong of *Strickland. Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994); *see also Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999).

A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009); *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008). An ineffective assistance of counsel claim fails if the petitioner cannot establish either deficient performance or prejudice and, accordingly, the Court need not evaluate both prongs of

the test if the petitioner makes an insufficient showing as to either performance or prejudice. *Strickland*, 466 U.S. at 697; *Blanton*, 543 F.3d at 235-36. Finally, ineffective assistance of counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).

### III. Merits Analysis

**A. Ineffective Assistance of Trial Counsel**

**1. Petitioner's competence**

Petitioner asserts his trial counsel was ineffective because counsel failed to continue to assert his incompetence in the revocation proceedings. Petitioner raised this action in the state habeas action. Counsel filed an affidavit in that matter addressing this claim:

> I consulted with Mr. Jaramillo (sic) before filing a motion to have him examined for competency to stand trial and pointed out that the time he spent at the hospital would be credited toward his sentence. He agreed to my filing the motion for examination which resulted in a determination that he was incompetent to stand trial. On August 25, 2014, Mr. Jaramillio was sent from the Bexar County Jail to the state hospital for treatment. In a letter to Judge Andrew Carruthers dated September 25, 2014, the hospital superintendent advised that Mr. Jaramillio had not put forth his best effort in achieving competence; was often late to restoration classes; had an "oppositional" attitude; would not cooperate with a formal competency examination. Essentially, he agreed with the treatment team's conclusion that Mr. Jaramillio was competent if he CHOSE to be. This report triggered a restoration hearing for Mr. Jaramillio. Before this hearing, I consulted with Mr. Jaramillio and explained that we could fight the state's position or agree to it which would result in a hearing on the motion to revoke his probation. Mr. Jaramillio instructed me to not [] oppose the competency restoration.
>
> Since Mr. Jaramillio advised me that he did not want to oppose the motion, I did not object to it. I did not raise any mental health issues at the revocation hearing for the same reason. . . .

(ECF No. 15-51 at 77-78).

9

In recommending the writ be denied, the state habeas trial court found the affidavit of trial counsel truthful and credible. (ECF No. 15-51 at 64). The court concluded that counsel's performance "did not fall below an objective standard of reasonableness" and that Petitioner failed to show "the result of the proceeding would have been different but for the errors made by [] counsel." (*Id.*). The state habeas court's factual determinations, including its credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013). The presumption is especially strong when, as in this matter, the state habeas court and the trial court are one and the same. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Furthermore, the reasonableness of counsel's actions is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691.

The habeas trial court's findings are fairly supported by the record. The record indicates Petitioner was competent at the time of the hearing on the motion to revoke; he discussed in open court the circumstances of the allegations and communicated with the judge in an articulate and rational manner. (ECF No. 15-24 at 13–17). The habeas trial court also found, as a matter of fact, that Petitioner himself directed counsel not to challenge the medical report concluding he was competent. (ECF No. 15-51 at 24). Accordingly, Petitioner has not shown deficient performance with regard to counsel's alleged failure to challenge his competency. Therefore, the state court's denial of this claim was not an unreasonable application of *Strickland*.

### 2. Amended motion to revoke probation

Petitioner alleges trial counsel was ineffective because counsel failed to object to the State's amended motion to revoke his probation. Petitioner raised this claim in his state habeas action. Counsel filed an affidavit in that matter, stating:

> On November 13, 2014, before the revocation hearing began, the state offered to modify the 10 year sentence to 6 years. I relayed and recommended this offer to Mr. Jaramillio. (sic) I advised him of the court's discretion since he had already been convicted, that he was taking a risk of a harsher result since this was not his first motion to revoke. Nevertheless, he rejected the offer and required us to proceed to [a] hearing. The amendment made to the motion to revoke presented to me at the revocation hearing simply updated the outstanding violations alleged against him. Since Mr. Jaramillio did not want to object to the restoration of competence it appeared to me that he wanted to move forward with the hearing as well. Delaying the hearing by objecting to the timeliness of the filing of the amended motion would only result in his spending more time in jail as the state would simply either drop the hearing and refile the motion or move forward with a hearing on the unamended motion with an unlikely change in the outcome as the state need only prove that one violation was true by a preponderance of the evidence. For these reasons, I did not object to the amended motion.

(ECF No. 15-51 at 78-79). The state habeas court determined counsel was not ineffective and the Court of Criminal Appeals denied relief on this claim.

Counsel stated a reasoned strategy for his actions and Petitioner has not overcome the presumption that his counsel's conduct was strategically motivated nor refuted the presumption that counsel's actions fell within the wide range of reasonable professional assistance. *See Harrington*, 562 U.S. at 105. *See Richter*, 562 U.S. at 105 ("The *Strickland* standard is a general one, so the range of reasonable applications is substantial."); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that *Strickland* is a general standard and, accordingly, "a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."). "On habeas review, if there is any reasonable argument that counsel satisfied *Strickland*'s deferential

standard, the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (internal quotations omitted).

Furthermore, Petitioner makes no showing that any objection to the amended motion to revoke probation would have produced a different outcome. Absent a showing that the outcome of the proceeding would have been different had counsel raised a particular argument the petitioner fails to demonstrate actual prejudice. *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006). Accordingly, the state court's rejection of this claim was not an unreasonable application of *Strickland*.

## B. Ineffective Assistance of Appellate Counsel

### 1. Failure to file a "second perfected appeal"

Petitioner argues he received ineffective assistance of appellate counsel because appellate counsel failed to file a "second perfected appeal." He raised this claim in his state habeas action, and his appellate counsel filed an affidavit in that matter, stating:

> In the first appeal (No. 04-12-00650-CR), Mr. Jaramillo tried to appeal his conviction where the trial court followed the plea bargain agreement. I filed a No-Error Brief and informed Mr. Jaramillo of his right to file his own pro se brief. The Judgment of the trial court was affirmed. Mr. Jaramillo insisted that he had a right to appeal the denial of a written pre-trial motion to suppress; however, the Clerk's record did not support this unsubstantiated claim by Mr. Jaramillo.

> In the second appeal (No. 04-14-00902-CR), Mr. Jaramillo tried to appeal the revocation of his community supervision which was based on his pleas of true to violating the conditions of his community supervision. I filed a No-Error Brief and informed Mr. Jaramillo of his right to file his own pro se brief. The Judgment of the trial court was affirmed.

(ECF No. 15-51 at 68). The habeas trial court recommended the writ be denied and the Court of Criminal Appeals denied relief on this claim.

To succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show that his counsel's performance was deficient and prejudicial. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith*, 528 U.S. at 278. "[C]ounsel's failure to raise an issue on appeal will be considered deficient performance only when that decision fall[s] below an objective standard of reasonableness." *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004) (internal quotations omitted). Only "[s]olid, meritorious arguments based on directly controlling precedent [must] be discovered and brought to the court's attention." *Id.* (internal quotations omitted).

With regard to Petitioner's conviction resulting from his guilty plea, appellate counsel's *Anders* brief states:

> After review of the entire record, undersigned counsel believes that the appeal in this case contains no merit according to settled principles of law and the decisions of the Texas Court of Appeals. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 432 S.W. 2d 137 (Tex. Crim. App. 1969).

> Undersigned counsel can find in the record no arguable points of error. Although the Trial Court's Certification of Defendant's Right to Appeal states that the Appellant has right to appeal matters which were raised by written motion filed and ruled on before trial and not withdrawn or waived (C.R. p. 35), neither the clerk's record (in this court and in the trial court) or the reporter's record reveal that Appellant preserved his limited right to appeal. No trial orders denying any pre-trial motions were signed and entered. The trial court's docket entry sheet (C.R. p. 49) makes no reference to the denial of any of Appellant's written pre-trial motions. Although Appellant's pro se Notice of Appeal From Negotiated Plea claims that the trial court heard and denied Appellant's written motion to suppress on September 12, 2012 (C.R. pgs. 42-44), neither the clerk's record (in this court and in the trial court), nor the trial court's docket entry sheet, nor the reporter's records, nor the event display log of the Bexar County District Clerk corroborate this unsubstantial claim.

(ECF No. 15-2 at 7-8).

With regard to the revocation of his probation after a hearing, appellate counsel's *Anders*

brief states:

> After a review of the entire record, undersigned counsel believes that the appeal in this case contains no merit according to settled principles of law and the decisions of the Texas Court of Appeals. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 432 S.W. 2d 137 (Tex. Crim. App. 1969).

> Undersigned counsel can find in the record no arguable points of error. Appellant pled "true" at the revocation hearing (R.R. Vol. 11-13-14, pgs. 4-6). Community supervision can be revoked only when there is a showing that the defendant violated a condition of his probation. *Butler v. State*, 486 S.W. 2d 331, 334 (Tex. Crim. App. 1972). The court reporter's record reveals a showing that the Appellant violated three conditions of his probation.

(ECF No. 15-14 at 6).

Appellate counsel's performance is deficient only if it falls below an objective standard of

reasonableness. *Strickland*, 466 U.S. at 687-88. An appellate attorney need not even raise every

nonfrivolous ground available on appeal, much less meritless claims. *Amador v. Quarterman*, 458

F.3d 397, 410 (5th Cir. 2006). Counsel's performance is only prejudicial if, but for the appellate

attorney's unreasonable failure to raise an issue, the defendant would have prevailed on his appeal.

*Smith v. Robbins*, 528 U.S. 259, 285 (2000). Accordingly, Petitioner's appellate counsel was not

deficient for failing to raise what his analysis revealed were meritless grounds of error. *See*

*Amador*, 458 F.3d at 410. Because Petitioner fails to overcome the presumption that counsel

exercised reasonable professional judgment in concluding there were no non-frivolous issues to

raise on appeal and he is unable to establish prejudice because he presents no issue which was

likely to succeed on appeal, the state court's denial of this claim was not an unreasonable

application of *Strickland*.

## 2. Failure to raise claims for relief on appeal

Petitioner argues appellate counsel was ineffective because counsel failed to assert a claim of insufficient evidence or any of the other claims Petitioner raises in this matter in his appeal. Petitioner further asserts appellate counsel "submitted inadequate briefs" in his appeal. This claim was raised and rejected in Petitioner's state habeas action.

To succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show that his counsel's performance was deficient and prejudicial. *Smith*, 528 U.S. at 285; *Dorsey*, 720 F.3d at 319. To demonstrate prejudice the petitioner must establish a reasonable probability that, but for his counsel's unreasonable failure to assert a particular claim on appeal, he would have prevailed in the appeal. *Smith*, 528 U.S. at 286; *Moreno v. Dretke*, 450 F.3d 158, 168 (5th Cir. 2006). Appellate counsel "need not advance every argument, regardless of merit, urged by the appellant." *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

Petitioner fails to show that he was denied effective assistance of appellate counsel because he does not identify a non-frivolous issue that could have been raised on appeal and upon which he would have prevailed. Bald assertions are insufficient to support a claim for habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Furthermore, to the extent Petitioner asserts appellate counsel erred by failing to assert ineffective assistance of trial counsel on appeal, the Texas Court of Criminal Appeals has noted that, "[a]s a general rule, . . . direct-appeal litigation of ineffective assistance of counsel has too many likely pitfalls to be an adequate procedural vehicle for challenging the ineffectiveness of a trial attorney." *Griffith v. State*, 507 S.W.3d 720, 728 (Tex. Crim. App. 2016).

Even if it is assumed that appellate counsel's performance was in some manner deficient, Petitioner has failed to demonstrate he suffered any prejudice. With regard to the revocation of his parole, after appellate counsel filed his *Anders* brief, Petitioner filed a pro se appellate brief asserting the very arguments he contends appellate counsel should have raised. The Fourth Court of Appeals found the claims frivolous and denied relief. Consequently, Petitioner cannot demonstrate that but for his attorney's failure to raise these issues on appeal he would have prevailed. *See Smith*, 528 U.S. at 285. Because Petitioner has demonstrated neither deficient performance nor prejudice, the state court's denial of this claim was not an unreasonable application of *Strickland*.

## C. Due Process Claims

### 1. "Changing" the terms of the plea agreement

Petitioner asserts that he was subjected to terms and conditions of probation, i.e., "highly restrictive sex offender probation," which were contrary to the terms and conditions of probation "orally pronounced in the courtroom September 25, 2012." (ECF No. 1 at 7). Petitioner raised this claim in his pro se appellate brief and in his state habeas action. The Fourth Court of Appeals found his appeal "frivolous" and denied relief. The state habeas court concluded:

> An Applicant may seek relief from an order or judgment of conviction ordering community supervision under Art. 11.072. Tex. Crim. Proc. Code Ann., Art. 11.072, § 1 (West 2017). Challenges to conditions of community supervision must be made under this section. Id. § (b)(2). Therefore, because Applicant filed his application under Art. 11.07, his third and fourth grounds of relief are not cognizable.

(ECF No. 15-51 at 65). The Court of Criminal Appeals denied Petitioner's application for a state

writ of habeas corpus.[3]

Respondent correctly argues this claim, asserting a violation of Petitioner's right to due

process in his 2012 criminal proceedings, is barred by the AEDPA's statute of limitations. Section

2244 of the AEDPA establishes a one-year statute of limitations for state inmates seeking federal

habeas corpus relief, providing:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244.

Petitioner's conviction for failing to register as a sex offender and his sentence of 10 years'

incarceration probated to seven years of community service, and the terms and conditions of his

---

[3] The habeas trial court apparently concluded the claim was procedurally defective because it was
raised in a proceeding pursuant to article 11.07, rather than article 11.072. (ECF No. 15-51 at 65). However,
by denying relief rather than dismiss his claims, the Texas Court of Criminal Appeals signified that it was
denying relief on the merits rather than finding Petitioner's claim procedurally defaulted.

supervised release, became final on May 3, 2013, thirty days after the appellate court affirmed his conviction and sentence, i.e. when the time for seeking review by the Court of Criminal Appeals expired. *See Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010) (holding the AEDPA's one-year statute of limitations, within which the defendant may challenge the basis of an order of deferred adjudication, begins to run when the time expires for filing an appeal from that order and not when the defendant is later convicted and sentenced following a probation violation); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); *Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005) (the finality of a probation order is calculated from the last date to appeal said order); Tex. C. Crim. Proc. art. 44.45(b)(2). Accordingly, the AEDPA's statute of limitations with regard to his federal habeas petition on issues arising from this conviction and sentence expired one year later, on May 3, 2014.

Petitioner did not execute his federal application for habeas corpus relief until June 7, 2018, more than four years after the limitations period had expired. Petitioner's state application for a writ of habeas corpus did not operate to toll the limitations period because it was filed December 14, 2017, after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

The statute of limitations is, in some cases, subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A federal habeas petitioner is entitled to equitable tolling only if he diligently pursued his rights and some extraordinary circumstance prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (citing *Holland*, 560 U.S. at 649). The Fifth Circuit has explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and that "excusable neglect" does not support equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

The Fifth Circuit Court of Appeals has permitted equitable tolling only in cases involving "exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 297 (5th Cir. 1998). The Fifth Circuit has consistently found no exceptional circumstances even in cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. *Fisher*, 174 F.3d at 715; *Cantu-Tzin*, 162 F.3d at 297. And, when deciding whether to equitably toll the statute of limitations, the diligence of the petitioner is of foremost concern, as "equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *see also Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). "[E]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 715.

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. Therefore, relief on this claim is barred by the AEDPA's statute of limitations.

## 2. Imposition of conditions of probation

Petitioner asserts the trial court violated his constitutional rights by imposing conditions of probation that were not reasonably related to his conviction. He argue the imposed "sex offender conditions of probation" were not related to the crime of conviction, i.e., a "failure to register charge." (ECF No. 1 at 7). Petitioner raised this claim in his pro se appellate brief and the Fourth Court of Appeals found the appeal frivolous and without merit. He also raised this claim in his state habeas action, and relief was denied.[4] Because this claim arises from the terms of probation imposed in 2012, this claim is barred by the AEDPA's statute of limitations for the reasons previously set forth with regard to Petitioner's second claim for relief.

## 3. Notice

Petitioner argues his right to due process of law was violated because he was not given adequate notice that he was to report weekly pending his revocation hearing. (ECF No. 1 at 10). Petitioner raised this claim in his pro se appellate brief, and the Fourth Court of Appeals found the appeal frivolous and denied relief. Petitioner raised this claim in his state habeas action, asserting "he was not given 'legal notice of the obligation to report weekly for the dates of the 13th, 20th, and 26th of October 2014 after he was released from jail a second time on the 'M.T.R.-Bond.'" (ECF No. 15-51 at 56). The habeas trial court concluded: "Applicant pled true to violation of condition no. 5, which alleged that Applicant failed to report to his supervision officer, at the

---

[4] As with his other due process claim, the habeas trial court apparently concluded the claim was procedurally defective. (ECF No. 15-51 at 65). However, by denying relief, rather than dismiss his claims, the Texas Court of Criminal Appeals signified that it was denying relief on the merits rather than finding Petitioner's claim procedurally defaulted.

hearing on his motion to revoke community supervision . . ." (ECF No. 15-51 at 62). The Court of

Criminal Appeals denied relief on this claim.

At the hearing on the motion to revoke, the following colloquy occurred:

THE STATE: "In Bexar County, Texas, the Defendant, Luis Jaramillo, did then and there fail to report to the supervision officer in person weekly for the week of October 13th, 2014 in violation of condition number five."
THE COURT: Is that true or not true, sir?
THE DEFENDANT: It's true, Your Honor.
THE COURT: Telling me alone that it's true is enough for me to find that it's true that you violated the terms and conditions of your community supervision. Based on that plea alone, I could if I wanted to revoke your community supervision and sentence you to ten − excuse me − yes, ten years in the prison. That's the underlying that's ten. Did you know that?
THE DEFENDANT: Yes, Your Honor.
THE COURT: Do you still wish to tell me that it's true.
THE DEFENDANT: Yes, Your Honor.
THE COURT: Go ahead.
THE STATE: "In Bexar County − violation of condition number five, in Bexar County, Texas, the Defendant, Luis Jaramillo, did then and there fail to report to the supervision officer in person weekly for the week of October 20th, 2014, in violation of condition number five."
THE COURT: Is that true or not true, sir?
THE DEFENDANT: I'm sorry?
THE COURT: Yes, ma'am.
THE COURT: True or not true? This is on October 20th of 2014.
THE DEFENDANT: I did go to court, Your Honor, but not weekly.
THE DEFENSE: Just tell her that it's true.
THE DEFENDANT: Okay. It's true.
THE COURT: Okay. Are you sure you want to tell me that it's true?
THE DEFENDANT: Yes, Your Honor.
THE COURT: All right. Go ahead.
THE STATE: "Violation of condition number five in Bexar County, Texas, the Defendant, Luis Jaramillo, did then and there fail to report to the supervision officer in person weekly for the week of October 27th, 2014 in violation of condition number five."
THE COURT: True or not true, sir?
THE DEFENDANT: True, Your Honor.

(ECF No. 15-24 at 4-6). Furthermore, at the hearing, Petitioner admitted he knew he was to report and he told the court he attempted to report, but that he did not arrive at the time set for his appointment and a scene ensued. (ECF No. 15-24 at 8). The State summarized these events:

> So, he shows up at 8:30 and − and he's told that he can come back at 1:00 or he can wait. And, so, part of the − the familiar scenario with this Defendant arose where he became angry. He, in effect, made a scene. He demanded to − to speak to a supervisor. There was none available. He was told that he could either wait or he could leave and come back at 1:00 o'clock. He left. He didn't come − and he didn't come back at 1:00 o'clock that day. And that's one of the dates alleged. Now, this business about him not being contacted after about weekly reporting. Well, he was told prior to −
> THE COURT: I − he's got to do what they tell him to do, period.
> THE STATE: And, so, I give a lot of considerations to the probation office's recommendation in this case because they're the ones that have to work with him.

(ECF No. 15-24 at 12).

Petitioner pleaded guilty to the charge that he violated the conditions of his probation by failing to timely report to his probation officer. By pleading guilty Petitioner waived any claim that he could not be properly convicted of violating the terms of his probation because he purportedly did not have adequate notice of the requirement that he report weekly while on bond pending his revocation hearing. *Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981) (holding a defendant who pleads guilty waives the right to challenge the sufficiency and reliability of the evidence, because the guilty plea itself stands as evidence against the defendant); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (holding sufficiency-of-the-evidence challenges are waived by a valid guilty plea). Because Petitioner admitted he knew of the reporting requirement, and he pleaded guilty to the charge of failing to report as ordered, this claim must be denied on the merits.

22

## IV. Certificate of Appealability

The Court next determines whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that Mr. Jaramillo is not entitled to federal habeas relief. As such, a COA will not issue.

## VI. Conclusion and Order

The state court's denial of Petitioner's ineffective assistance of counsel claims was not an unreasonable application of clearly established federal law and Petitioner's due process claims are barred by the applicable statute of limitations.

Accordingly, based on the foregoing reasons,

23

**IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Luis Jaramillo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (ECF No. 1) is **DENIED**;

2. No Certificate of Appealability shall issue in this case; and

3. Motions pending, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 2nd day of ~~December~~ January, 2019.

_____

**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**